[NOT FOR PUBLICATION]

 

No. 92-1995

 UNITED STATES,

 Appellee,

 v.

 PETER A. LEBON,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Jose Antonio Fuste, U.S. District Judge] 

 

 Before

 Breyer, Chief Judge, 
 Selya and Stahl, Circuit Judges. 

 

 Roger A. Cox on brief for appellant. 
 A. John Pappalardo, United States Attorney, and Michael J. 
Tuteur, Assistant U.S. Attorney, on brief for appellee. 

 

 

 Per Curiam. Defendant contends that the government 

knowingly permitted its main witness, Tina Pina, to commit

perjury. We conclude defendant has not established perjury

and affirm his conviction.

 First, defendant claims Tina perjured herself when she

testified that "being handcuffed and charged with unlawful

carrying a firearm" was "all new to [her]." The statement

was perjurious, according to defendant, because it was

tantamount to an assertion that she had never been arrested

before, when, in fact, she had previously faced several

charges in her life. Defendant reads too much into the

statement. Tina did not assert that she had never been

arrested. Moreover, even if Tina had been arrested in the

past, being handcuffed and charged with unlawfully carrying a

firearm in the manner described at trial could well qualify

as "new" to her. Defendant has not shown perjury.

 Second, defendant contends Tina perjured herself when

she testified that it was defendant who handed her a gun and

told her to stash the gun in her pants. Perjury is shown,

defendant claims, by the fact that Tina, interviewed several

days after arrest by Agent Offringa, did not then tell Agent

Offringa that defendant was the one who had directed her to

stash the gun and by alleged statements in two reports that

she did not know who had handed her the gun.

 Again, defendant has not shown perjury. Agent Offringa

 -2-

acknowledged at trial that his report of his interview with

Tina several days after arrest did not identify defendant as

the one who had given her the gun and had told her to hide

it. Agent Offringa testified, however, that in subsequent

interviews Tina consistently claimed defendant was the one

who had directed her and that she had never said anyone else

had handed her the gun.1 As for the alleged statements in

two reports that Tina had claimed she did not know who had

handed her the gun, the reports were not introduced into

evidence. Consequently, there is no record support for

defendant's claim that Tina told officers she did now know

who handed her the gun. We will not consider on appeal

evidence or arguments which have not been presented to the

trial court. In any event, however, the fact that a witness

contradicts herself or changes her story does not establish

perjury. See, e.g., Tapia v. Tansy, 926 F.2d 1554, 1563 

(10th Cir.) ("Contradictions and changes in a witness's

testimony alone do not constitute perjury and do not create

an inference, let alone prove, that the prosecutor knowingly

presented perjured testimony."), cert. denied, 112 S. Ct. 115 

  

1. Defendant asks this court to expand the record to include
Agent Offringa's report. The request is denied. Although
the report was utilized by defense counsel in cross-examining
Agent Offringa, the report was not introduced into evidence.
Defendant may not add to the record at the appellate level.
In any event, since Agent Offringa acknowledged at trial that
his report did not identify defendant as the one handing Tina
the gun, the report itself is not needed to establish what
Agent Offringa has admitted.

 -3-

(1991).

 In accordance with our obligation under Anders v. 

California, 386 U.S. 738, 744 (1967), we have reviewed the 

trial and sentencing record. We conclude the appeal is

wholly frivolous. Consequently, counsel's motion to withdraw

is granted. Defendant's motions are denied, and the judgment

is affirmed. 

 -4-